IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE GREEN,** | : | CIVIL NO. 1:14-CV-0425 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **FISHER, GAFF, MILLER,** | : | |
| **CORNELIOUS, PENNSYLVANIA** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Tyrone Green ("Green"), a Pennsylvania state inmate who, at all times relevant, was housed at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Huntingdon, Pennsylvania, filed this civil rights action on March 7, 2014. (Doc. 1). Currently ripe for disposition is the motion (Doc. 19) to dismiss Green's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of the defendants Fisher, Gaff, Cornelius,[1] and the Pennsylvania Department of Corrections ("DOC"). Defendant Miller joins in the motion. (Doc. 42). For the reasons set forth below, the motion will be granted.

---

[1] Plaintiff incorrectly identifies this defendant as Cornelious.

I.      **<u>Standard of Review</u>**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007) (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." O<u>shiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); <u>see</u> <u>also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. <u>See Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. <u>Id.</u>; <u>see</u> <u>also</u> <u>Fowler v.</u>

2

UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Allegations of the Complaint

On April 18, 2013, Green was temporarily transferred to SCI-Smithfield to attend a pretrial hearing scheduled for April 22, 2013, in connection with a civil action he had pending against DOC personnel in the Court of Common Pleas of Huntingdon County. (Doc. ¶¶ 1, 8). Upon arrival, he indicated that he was in need of his legal materials for purposes of attending the hearing. (Id. at ¶ 9). On April 19, 2013, Green requested return of the documents from defendant Fisher who allegedly responded "[a]ren't you suing me from down the street." (Id. at ¶¶ 10-11). On numerous occasions between April 19, 2013, and April 22, 2013, he purportedly sought return of his legal materials from defendants Gaff, Miller, and Cornelius and, despite being made aware that he was in need of the documents prior to the scheduled hearing, the materials were not returned to him. (Id. at ¶ 13-14). "[Green] was not provided with his legal material until April 25, 2013, (*i.e.*, a period of three days after the April 22, 2013 pretrial hearing), necessitating postponement of said proceeding. That civil action has since been listed for trial." (Id. at ¶ 15).

Between April 18, 2013, and May 7, 2013, defendants Gaff, Miller, and Cornelius allegedly denied Green standard issue envelopes which prevented Green from communicating with his criminal attorney.  (Id. at ¶ 15).  Consequently, his attorney "prematurely filed an Application for Leave to File a Second or Successive Petition for Writ of Habeas Corpus in the United States Court of Appeals for the Third Circuit, which was subsequently denied."  (Id. at ¶ 16).

### III.  Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

Green alleges that defendants conspired to retaliate against him for exercising his First Amendment rights by depriving him of his legal materials and denying him standard issue envelopes.  (Doc. 1, ¶¶ 1-2, 22).  He also alleges that the

deprivation of his legal materials violated the Fourteenth Amendment. (Id. at ¶¶ 1, 22).

    A.    <u>First Amendment</u>

The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See <u>Allah v. Seiverling</u>, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." <u>Rauser v. Horn</u>, 241 F.3d 330 (3d Cir. 2001) (quoting <u>Allah</u>, 229 F.3d at 225).

With respect to the first and second <u>Rauser</u> prongs, "[a]lthough the elements of a First Amendment retaliation claim remain constant, the underlying concepts that they signify will vary with the setting—whether activity is 'protected' or an action is 'adverse' will depend on context. Standing in his cell in a prison, an inmate is quite limited in what he can say; his government jailor can impose speech-limiting regulations that are 'reasonably related to legitimate penological interests.' <u>Turner</u>, 482 U.S. at 89 (1987). The fact that certain conduct of the plaintiff must be 'protected' in order to state a claim does not change with the

5

setting—what changes is the type of conduct deemed protected in that particular setting." Thaddeus-X v. Blatter, 175 F.3d 378, 388 (6th Cir. 1999). The fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates. See Pell v. Procunier, 417 U.S. 817, 822-23 (1974). Thus, a prison inmate "retains [only] those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Id. at 822.

Green's actions that purportedly incited retaliation—pursuing litigation against Pennsylvania Department of Corrections personnel—falls within the ambit of conduct protected by the First Amendment, thus satisfying the first prong of the Rauser test. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). However, he fails to meet the second prong in that the actions he cites, a one week delay in receiving his legal materials and an alleged nineteen day deprivation of legal envelopes, fail to rise to the level of adverse action. A First Amendment denial of access to the court cause of action is stated by alleging that a particular defendant: 1) interfered with; 2) a nonfrivolous attack on conditions of confinement, or the defense against a criminal charge, a direct appeal from or collateral attack on a criminal conviction, or a habeas corpus petition. See Lewis v. Casev. 518 U.S. 343, 353 n. 3 and 355 (1996); Bounds v. Smith, 430 U.S. 817 (1977). Importantly, as the Supreme Court made clear in Lewis v. Casey, a plaintiff must also allege and demonstrate actual injury. In other words, the inmate must aver some legal loss.

6

.       Defendants argue that Green did not suffer sufficient adverse action in connection with the deprivation of his legal materials or the denial of standard issue envelopes. Green alleges that defendants' conduct was sufficiently adverse in that the deprivation of his legal materials caused his April 22, 2013 pretrial hearing to be postponed until July 22, 2013. Assuming the allegations to be true, Green was undoubtedly inconvenienced because he did not have his legal materials at the time of the scheduled pretrial conference. However, it is undisputed that the hearing was simply postponed and, eventually, the matter was scheduled for trial. (Doc. 22-1, 1-8). It cannot be said that such a consequence is sufficiently adverse as it would not deter a person of ordinary firmness from pursuing litigation. The postponement or rescheduling of court matters is routine and rarely results in prejudice or injury to either party.

With respect to the denial of standard issue envelopes, Green did not suffer an actual injury or some legal loss. He alleges that he was still pursuing state court remedies with respect to his criminal conviction and, because he was unable to communicate with his attorney, the attorney "prematurely" filed an application for leave to file a second or successive habeas corpus petition with the United States Court of Appeals for the Third Circuit, which was denied. Green fails to recognize that he did not suffer an actual injury or a legal loss because he is able to file another application for leave to file a second or successive petition in federal court at the conclusion of his pursuit of state court remedies.

In failing to allege adverse action that constituted actual injury or some legal loss, Green fails demonstrate that defendants' conduct imposed a substantial

7

impact on him. See Gill v. Tuttle, 93 F. App'x 301, 303–04 (2d Cir. 2004) (finding that to establish a retaliation claim, inmate must allege adverse action that imposes a substantial impact on inmate). The retaliation claim is therefore subject to dismissal.

    B.    Fourteenth Amendment

The Fourteenth Amendment of the United States Constitution provides, in pertinent part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." The due process analysis starts with determining whether the liberty interest asserted is one that is protected by the Fourteenth Amendment. Montanez v. Sec'y Dep't of Corr., 773 F.3d 472, 482 (3d Cir. 2014) (quoting Evans v. Sec'y Pa. Dep't of Corr., 645 F.3d 650, 663 (3d Cir. 2011)); Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002).

Green alleges that he was deprived of his legal materials. Deprivation of inmate property by prison officials, whether intentional or negligent, does not give rise to a cognizable due process claim if the prisoner has adequate post-deprivation remedies available under state law. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding negligent acts of officials causing unintentional losses of property do not implicate due process); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding intentional deprivations of property do not violate due process if a meaningful post-deprivation remedy for the loss is available); see also 42 PA. CONS. STAT. ANN. § 8522(a), (b)(3) (common law action for conversion). Adequate remedies were

available as Green had access to the prison administrative review process. Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (finding that inmate had an adequate post-deprivation remedy in the form of the prison grievance program). Moreover, in the event that Green was dissatisfied with the outcome of the administrative process, he then had the option to pursue the matter in a state court tort action. Hudson, 468 U.S. at 535. The Fourteenth Amendment claim is therefore subject to dismissal.

C.   Conspiracy

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1362, 1377 (3d Cir. 1992); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. See id.; Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

9

Green fails to allege specific facts that tend to show that the defendants reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Rather, he relies on subjective suspicions and unsupported speculation, which is insufficient to state a conspiracy claim. Accordingly, the conspiracy claim is subject to dismissal.

### IV.   Leave to Amend

A court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). Given the basis of dismissal of Green's claims, affording an opportunity to amend would be futile.

### V.   Conclusion

For all the reasons set forth in this memorandum, defendants' motion (Doc. 19) to dismiss will be granted and Green's complaint will be dismissed in its entirety.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      March 24, 2015